12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Richard NESLUND and Louis J. Moriarty, Appellees,
v.
Detlef STROEH and David Twedt, Appellants.
 No. 93-1128.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 14, 1993.
Filed: December 6, 1993.
 
 Before McMILLIAN, Circuit Judge, and LAY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Detlef Stroeh and David Twedt appeal from a final order entered in the United States District Court[1] for the District of Minnesota upon a jury verdict finding them liable to Richard Neslund, Louis J. Moriarty, and Markhurd Corporation for violations of federal and state security laws, fraudulent misrepresentation, breach of contract, and breach of warranty. Specifically, the district court's final order denied appellants' motion for judgment as a matter of law or, in the alternative, for a new trial; granted appellees' motion for judgment for damages based upon the jury's award of $2.22 million; and granted in part appellees' motion for attorneys' fees. Neslund v. Stroeh, No. 3-89-0152 (D. Minn. Dec. 3, 1992) (memorandum and order). For reversal, appellants argue that the district court abused its discretion in denying their motion for a new trial on grounds that a supplemental instruction given to the jury in response to a question submitted during deliberations was nonresponsive, misleading, and prejudicial. Appellants also raise issues concerning the sufficiency of the evidence, errors or omissions in the jury instructions, the amount of damages awarded, and the amount of attorneys' fees awarded.
 
 
 2
 Having considered all of the parties' arguments and carefully reviewed the record in this case, we affirm the order of the district court. On the specific issue of the supplemental instruction, we hold that the district court's response to the jury's question did not constitute prejudicial error. Based upon the record before us, we hold that the district court's supplemental instruction responded to the jury's question, did not misstate the law, and was not misleading. Moreover, the jury instructions given before deliberations adequately stated the law of agency as it applied to the evidence in the case.
 
 
 3
 The order of the district court is therefore affirmed. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota